IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ashley Coffin, | ) Civil Action No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| Home Depot U.S.A., Inc., | ) (Jury Trial Requested) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Ashley Coffin ("Plaintiff"), by and through her undersigned counsel, brings this action against Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), and alleges as follows:

## PARTIES

1.　　Plaintiff Ashley Coffin is an adult individual who, at all times relevant hereto, was a citizen and resident of the State of South Carolina, residing in Horry County, South Carolina.

2.　　Defendant The Home Depot U.S.A., Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Atlanta, Georgia. Defendant is engaged in the business of operating retail home improvement stores, including Store #1121 located at 620 Hwy 17 N, North Myrtle Beach, South Carolina 29582. That upon information and belief The Home Depot U.S.A., Inc., at all times relevant hereto owned, leased, controlled, maintained, possessed, operated, cared for, had custody of and/or was otherwise responsible for the premises, property, and/or business and/or Store #1121 located at 620 Hwy 17 N, North Myrtle Beach, South Carolina 29582.

1

3.     At all times relevant hereto, Defendant conducted business in the State of South Carolina and owned and operated the Home Depot store where the events giving rise to this action occurred.

4.     That at all times herein mentioned and in regard to all matters herein mentioned the Defendant acted by and through its agents, servants, and employees, who were at all times acting within the course and scope of their agency and employment, and for whose acts and omissions the Defendant is liable.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Complete diversity exists between the parties: Plaintiff is a citizen of South Carolina, and Defendant is a citizen of Delaware (its state of incorporation) and Georgia (its principal place of business).

6.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Horry County, South Carolina, which is within the Florence Division of this District.

## FACTUAL ALLEGATIONS

8.     On or about June 20, 2022, Plaintiff was an invitee at Defendant's Home Depot Store #1121, located at 620 Hwy 17 N, North Myrtle Beach, South Carolina 29582.

9.     During Plaintiff's visit to the store, Chris Howard ("Howard"), who, upon information and belief, was then employed by Defendant as a manager at Store #1121, approached Plaintiff.

10. Howard, acting within the course and scope of his employment with Defendant, sexually propositioned Plaintiff. Howard's conduct was unwelcome, offensive, and constituted sexual harassment. Further, Howard made vulgar comments about Plaintiff's body, cornered her in the store, and used his body to box her in a corner against the shelving on one of the aisles while continuing to make sexual advances and overtures at her. Howard relentlessly continued to sexually harass Plaintiff and would not stop until another employee was able to pull him away from Plaintiff. Plaintiff was immediately traumatized by this occurrence.

11. Howard's sexually inappropriate conduct toward Plaintiff occurred while he was on the premises and wearing his uniform, signaling his capacity as a representative of Defendant, and on Defendant's business premises.

12. Plaintiff was deeply disturbed, humiliated, and emotionally distressed by Howard's sexual proposition and inappropriate behavior.

13. Plaintiff did not consent to Howard's sexual assault and improper sexual conduct.

14. Upon information and belief, prior to the incident involving Plaintiff, Defendant knew or should have known of Howard's propensity to engage in sexually inappropriate conduct toward customers and/or employees.

15. Defendant was under a duty to prevent their employee, Howard, from intentionally harming invitees, including Plaintiff, and/or conducting himself in a manner that created an unreasonable risk of harm to others, including Plaintiff.

16. Upon information and belief, Defendant failed to conduct an adequate background check on Howard before hiring him and/or promoting him to a managerial position.

17. Upon information and belief, Defendant received prior complaints, reports, or other notice of Howard's inappropriate conduct toward women, invitees, and/or employees before the incident involving Plaintiff.

18. Despite having actual or constructive knowledge of Howard's propensities, Defendant failed to take appropriate action to protect invitees, including Plaintiff, from Howard's conduct.

19. Defendant's failure to adequately investigate, supervise, discipline, or terminate Howard created a foreseeable risk of harm to invitees, including Plaintiff.

## **ADMINISTRATIVE COMPLAINT AND EQUITABLE TOLLING**

20. On December 15, 2022, Plaintiff filed a Non-Employment Initial Inquiry Questionnaire with the South Carolina Human Affairs Commission ("SCHAC") alleging sex-based discrimination and harassment arising from the June 20, 2022, incident.

21. SCHAC is the state agency expressly charged with the mission "to eliminate and prevent unlawful discrimination in employment, housing and public accommodations," as stated on its official letterhead and in accordance with S.C. Code Ann. § 1-13-40.

22. The SCHAC accepted Plaintiff's complaint for processing under S.C. Code Ann. § 1-13-90(e), which authorizes the Commission to investigate complaints involving "any other dispute regarding human affairs."

23. Upon information and belief, SCHAC assigned an Investigator to Plaintiff's complaint and conducted an investigation.

24. On or about March 8, 2023, the SCHAC issued a Notice of Dismissal of Plaintiff's complaint. The Notice stated that the complaint was dismissed pursuant to S.C. Code Ann. § 1-

13-90(e) and S.C. Code Ann. Reg. § 65-220(H)(4) because the "[c]omplainant and the respondent failed to reach a conciliation agreement."

25.     The SCHAC's Notice of Dismissal is attached hereto as Exhibit A and incorporated herein by reference.

### *Application of Equitable Tolling*

26.     Plaintiff's claims are timely filed under the doctrine of equitable tolling as recognized by the South Carolina Supreme Court in *Hopkins v. Floyd's Wholesale, Inc.*, 299 S.C. 127, 382 S.E.2d 907 (1989), and its progeny.

27.     In *Hopkins*, the South Carolina Supreme Court held that a statute of limitations is tolled during a "reliance period" when a claimant is induced to believe that her claim "is compensable and will be taken care of." 299 S.C. at 131, 382 S.E.2d at 909.

28.     Plaintiff reasonably relied upon the SCHAC's acceptance and investigation of her complaint. By accepting Plaintiff's complaint for processing, the State of South Carolina, through its official agency, induced Plaintiff to believe that her grievance was being officially addressed and would be resolved through the administrative process.

29.     Throughout the pendency of her SCHAC complaint—from December 15, 2022, through March 8, 2023—Plaintiff relied on the administrative process in good faith, believing that the State was investigating her claims and attempting to resolve the matter through conciliation.

30.     It would have been inconsistent and potentially prejudicial to the SCHAC's conciliation efforts for Plaintiff to simultaneously pursue civil litigation while the administrative complaint remained pending.

31.     Accordingly, the three-year statute of limitations applicable to Plaintiff's common law tort claims under S.C. Code Ann. § 15-3-530 was tolled during the pendency of the SCHAC complaint.

32. Equitable tolling is appropriate here under the principles articulated in *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 687 S.E.2d 29 (2009), wherein the South Carolina Supreme Court recognized that "equitable power exists to do fairness between the parties, and in the exercise of that power, relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." 386 S.C. at 116-17, 687 S.E.2d at 33.

33. Plaintiff did not "sleep on her rights." Rather, she diligently pursued her remedies through the official administrative process established by the State of South Carolina for complaints of this nature.

34. To deny Plaintiff the benefit of equitable tolling would penalize her for utilizing the State's official administrative process and would permit Defendant to escape liability based upon the time Plaintiff spent in good-faith pursuit of non-judicial remedies.

35. The doctrine announced in *Martin v. Clemson University*, 654 S.E.2d 256 (S.C. 2007), that "pending administrative action does not toll" the statute of limitations, is inapplicable to Plaintiff's claims. The *Martin* rule derives from the specific statutory framework of S.C. Code Ann. § 1-13-90(d)(6), which governs employment discrimination claims brought under the South Carolina Human Affairs Law and expressly provides that a complainant may bring an action in circuit court "within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier." The legislature's use of "whichever occurs earlier" demonstrates a deliberate choice not to extend the limitations period during administrative proceedings for Human Affairs Law employment claims. Plaintiff's claims, however, sound in common law tort and are governed by the general three-year statute of limitations under S.C. Code Ann. § 15-3-530, which contains no such limiting language.

*Equitable Estoppel*

36.   In the alternative, the State of South Carolina, by accepting and processing Plaintiff's administrative complaint through SCHAC, should be equitably estopped from asserting that the statute of limitations ran during the pendency of Plaintiff's administrative complaint.

37.   Similarly, Defendant, having participated in and benefited from the SCHAC conciliation process, should be equitably estopped from asserting that the statute of limitations ran during that process.

## FOR A FIRST CAUSE OF ACTION
### Negligence/Gross Negligence and/or Recklessness

38.   That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

39.   That Defendant, by and through its employees and/or agents, acted negligently, grossly negligently, carelessly, willfully, and/or recklessly, resulting in injuries to Plaintiff for which damages are sought, based upon the following:

   (a) Negligently supervising its property;

   (b) Negligently permitting male employees to sexually harass and assault female patrons, including Plaintiff;

   (c) Negligently failing to exercise due care under all of the circumstances;

   (d) Negligently failing to adopt, implement, enforce, and/or follow policies and/or procedures for the reasonable interaction of male employees with female patrons on the subject's premises;

   (e) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

40.   That as a direct and proximate result of Defendant's negligence, gross negligence, carelessness, and/or recklessness, Plaintiff was harmed and sustained severe and permanent

emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life, which required and will in the future require psychological and psychiatric medical care and treatment.

41. That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff has been and will likely, in the future, be caused to incur medical expenses and will incur loss of earning capacity in the future, to her great detriment and loss.

42. That Plaintiff is informed and believes that she is entitled to actual damages in an amount that would adequately compensate her for her injuries and damages, as well as reasonable punitive damages that may be determined by the trier in fact.

## SECOND CAUSE OF ACTION
### Assault

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. On June 20, 2022, Howard, while acting within the course and scope of his employment with Defendant, intentionally placed Plaintiff in reasonable apprehension of an immediate harmful or offensive contact by sexually propositioning her.

45. Howard's words and conduct were intended to cause, and did cause, Plaintiff, to reasonably apprehend that harmful or offensive physical contact was imminent.

46. Plaintiff did not consent to Howard's conduct.

47. As a direct and proximate result of Howard's assault, Plaintiff suffered damages including, but not limited to, emotional distress, mental anguish, humiliation, and loss of enjoyment of life.

48. Defendant is vicariously liable for Howard's tortious conduct because Howard was acting within the course and scope of his employment at the time of the assault.

## THIRD CAUSE OF ACTION
### Battery

49. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

50. On June 20, 2022, Howard, while acting within the course and scope of his employment with Defendant, caused harmful or offensive contact with Plaintiff's person.

51. Howard's contact with Plaintiff was unwanted, unconsented to, and offensive.

52. As a direct and proximate result of Defendant's grossly negligent and reckless conduct, Plaintiff suffered damages including, but not limited to, emotional distress, mental anguish, humiliation, and loss of enjoyment of life.

53. Defendant is vicariously liable for Howard's tortious conduct because Howard was acting within the course and scope of his employment at the time of the battery.

## FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

54. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

55. That Defendant was negligent, grossly negligent, wanton, and/or reckless for the reasons outlined more fully herein.

56. That the negligence, gross negligence, wantonness, and/or recklessness of Defendant, as further described herein, placed Plaintiff in danger of physical impact or injury.

57. That Plaintiff suffered severe and permanent emotional distress as a result of the negligence and/or recklessness of Defendant.

## FIFTH CAUSE OF ACTION
**Negligent Hiring, Training, Retention, and Supervision**

58. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

59. That Plaintiff is informed and believes that Defendant, through the intentional and outrageous conduct of its employees, specifically Howard, while on their premises, is further negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

   (a) In failing to exercise the degree of care that a reasonably prudent employer would have exercised under the same or similar circumstances;
   (b) In failing to conduct a proper and adequate background search or review of its employees and managers before and after hiring;
   (c) In failing to monitor the conduct of its employees and managers during their employment with Defendant, and to take appropriate steps to discipline and/or terminate them subsequent to the commission of intentional, outrageous, willful, wanton, reckless, and/or unlawful acts;
   (d) In failing to properly supervise its employees and managers during their employment with Home Depot, Inc., and specifically, Defendant's Home Depot Store #1121, located at 620 Hwy 17 N, North Myrtle Beach, South Carolina 29582.
   (e) In failing to have in place adequate policies and procedures to monitor its employees and managers, and if such policies and procedures were in place, in failing to enforce them;
   (f) In failing to have in place adequate policies and procedures to mandate compliance by its employees and managers with statutes, laws, and regulations regarding sexual harassment, improper sexual conduct, sexual assault, and workplace violence, and if such policies and procedures were in place, in failing to enforce them;
   (g) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

60. All of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

61. Plaintiff's injuries were of such nature as to require her to expend monies, to receive additional medical attention, and to require medical necessities.

62. Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

63. Plaintiff is informed and believes that she is entitled to actual damages in an amount which would adequately compensate her for her injuries and damages, as well as reasonable punitive damages as may be determined by the trier in fact.

## RELIEF REQUESTED

64. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

65. **WHEREFORE,** Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

   a. Actual damages on all causes of action;

   b. Incidental damages on all causes of action;

   c. Consequential damages on all causes of action;

   d. Punitive damages on all causes of action;

   e. For the costs and expenses of this action, and

   f. For such other and further relief as the court may deem just and proper.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1430 Richland Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com